This is a case of statutory interpretation, and it does not apply to the United States. It does involve a statute of limitations. Congress in 1997 changed the statute that governed the claiming of a refund when a foreign tax credit was involved. And it was quite a change in the language, even though the title for the amendment was called Clarification, actually the entire focus of the statute was changed, because the old original statute focused on the year for which the claim was made, and the new statute, the statute involved here, focuses on the year when the taxes in question actually accrue. But under your theory of how we should be reading the statute, for purposes of statute of limitations, we would be reading it as a later date, right? But for purposes of how we calculate the offset for the foreign tax credit, we would be going back to the original return, right? That's correct. That's a little odd, isn't it? Well, it's a case of two rules applying to the same situation. One is the rule that Congress determined when it amended the statute to say that for limitation purposes, we want to know the year in which the taxes actually accrue. But for applying the credit, we adopt a rule called the Relation Back Rule, which says we take those taxes and we relate them back to the year for which they were originally imposed, under a theory of matching of income and taxes, in theory, because in many cases, the matching doesn't actually occur. But that's the reason why there is a relation back for purposes of calculating the credit. But that has nothing to do with the statute of limitations for when you must file your claim for refund if you want to claim a refund for your credit. It looks to me as if I was trying to figure out where the language actually paid or accrued may have come from. It looks to me like the best candidate, the most likely candidate, is the Treasury Regulation 19042. Would you agree with that? That's where the language seems to have come from. Well, we don't know that for sure, but it's certainly present there, and that would certainly corroborate the notion that there's a distinction between actually paid or accrued taxes and so-called deemed paid or accrued taxes. And that struck me, that if you look at 19042C1l2, it struck me that the distinction that is drawn in that portion of the regulation is between taxes that are called actually paid or accrued, which is a reference to the tax year, versus deemed accrued taxes, which is a reference to the carryover year. And that distinction would seem to me to suggest actually accrued is a reference in contradistinction to deemed accrual to the actual year of the levy of the tax, which would seem to me to help the government in this case. Why isn't that the right way? In light of the apparent derivation of actually accrued, why isn't that the right way to read the statutory language in this case? Well, we don't know if it is the derivation. We know that the words are used. And this is preceded and is directed to the exact same subject matter as the ultimate statute. Well, but no, here we're talking about... The Amgen case, I guess it was. Ampex case by your predecessor court. Right. Which involved a limitations question, not a calculation question. And the issue in that case was does a statute begin to run in the year when the taxes are carried over or in the original year for which they were imposed? But in the language of the regulation, the reference appears to be directed, using the words actually accrued, appears to be directed to the tax year, to the year the tax is relevant, which suggests that actually... Well, no, it doesn't necessarily mean the year the tax is relevant. It means the year they were actually accrued. And that's the point. There are two kinds of situations. Can I ask you about the previous statute of limitations? The language there is something like 10 years from the date prescribed by law for the year with respect to which the claim is made. How do you understand that language, the year with respect to which the claim is made? Well, that was the issue in the Ampex case. Setting Ampex aside, is the normal view of that the year that the taxes were levied? No. The normal view of that would be the year for which you are seeking the refund. And if your credits are carried over from year one to year two and applied in year two, you are seeking the refund for year two. Therefore, the claim is made with respect to year two. And that's what this court predecessor held in the Ampex case. The government has disagreed with that. Government takes a very different position. Okay, so that's dealing with the carryover issue. But setting aside that, how would this statute of limitations apply in this case? The old statute. Would it apply to the year the taxes are levied? Yes, the old statute. If you kept that language, you would have a different result than what we're seeking. So here's the issue for me then. They've used some wording that perhaps is explained by the revenue ruling, but certainly actually accrued is not elsewhere in the tax code, I think. But if you look at the legislative history, it doesn't seem as if Congress intended a broad sweeping change to the statute of limitations of the one that you're proposing. Rather, they just intended to correct the Ampex decision, which allowed a, I guess, more lenient statute of limitations by allowing it to go to the carry year instead of the levy year. And Congress very specifically in the House report, the Senate report, I think even a conference report, said that's what we're doing. We're just correcting that. It doesn't seem to me then that if you agree the prior limitation period would fall in line with the government's view, then Congress intended to change it so dramatically in the way you're arguing. Well, they were not very expansive in their explanation. And so we do not know whether they thought about the cases of contested taxes. In the Ampex case, you had uncontested taxes. Uncontested taxes accrue in the year for which they're imposed. And therefore, if you want to have a statute that runs from the year for which they're imposed, that's what Congress should have said. They should have said, we're going to correct the Ampex case. We're going to have the statute run from the year for which the taxes were imposed. Then we wouldn't be here today. Because the relation back or whatever, the taxes in our case were imposed for the earlier years. But they didn't say that. They said they want the statute to begin to run in the year when the taxes are actually accrued. Now, those words have meaning. They have substantive meaning. Because actual accrual is determined under the All Events Test. Well, let me ask you about that. Is the term actual accrual as opposed to accrual used anywhere in the tax code? Well, it's not used. There's one reference in a totally unrelated place where it's used. So you're arguing that the two have similar meanings then? No, I'm arguing that actually accrued means you look at the All Events Test, which is what you use for accrual, which is what you use for accrual purposes. And you don't have an actual accrual until you satisfy the All Events Test. And that's not done in a contested tax case until the contest ends. And the matter is determined, and the liability is fixed, and the amount is established. If Congress had met what you were arguing, why wouldn't they just have used the word accrual? Because then you'd have ambiguity. Because now you have the same case that we're trying to avoid. Namely, in a carryover case, you have a deemed accrual. So if you said, well, we want the statute to run from the year of accrual, do you mean actual accrual, or do you mean deemed accrual? And they realized that. And they said, we don't want deemed accrual. That's what we're changing. Therefore, we want to be very specific and state we want it to begin with the year of actual accrual. That's how they differentiated the antitax case. And if the actual accrual can only occur when the All Events Test is satisfied, which is clearly the case. I don't think anybody disputes that. Even the government acknowledges. There's no accrual here until the contest ends. Then you relate it back for calculation purposes and so on. But the statutory language is actually, when did this taxes actually accrue? And there's only one year when that happens. Now, did they intend that? They weren't very verbal in their explanation. So I cannot provide you with further support other than the statutory language. And the logic of saying, maybe these statutes should begin to run when people know they have a tax liability. And not begin to run when they have no idea there's a tax liability. Isn't that the point of the 10-year statute of limitations? I mean, there's some reference. It's not altogether clear here either. But the previous three-year was extended to a 10-year for purposes of a foreign tax credit. Just because of that situation. That it may take some time for resolution of foreign tax disputes. And therefore, they should get a more generous statute of limitations. If your argument is that it doesn't run until the dispute is resolved. Then why would they need a 10-year statute of limitations? A three-year dispute under the old rule, it seems to suffice. Well, it's a very good question, Your Honor. The situation faced by Albemarle in this case is the statute had been running for five years before they even knew they had a problem. So the idea that you have a 10-year statute is kind of a myth in a contested situation. Because you don't even realize you have tax liability until the contest is finally resolved. And that could go on much longer. It might even go beyond the 10-year period. But there are so few cases in this area that it suggests that this doesn't happen very often. Indeed, the facts of this case, where it appears that there was just somebody dropped the ball at Albemarle on this tax issue. It has to be anomalous. So the idea that 10 years from the date of the tax levy year is not going to typically be enough. Seems to me probably not right. Wouldn't you agree? Well, there aren't many cases. So in most instances, you can assume that it's sufficient. But contests take longer and longer these days than they did back in 1954. But isn't there some protective measure? I don't know enough about tax law, but the government refers to the fact that the taxpayer, even if we're talking about exceeding the 10 years for some weird reason, that there's something the taxpayer can do to protect herself. You can file what's called a protective claim for refund, which is sort of a mythical claim because you don't have all your facts yet. You don't know exactly what you're claiming. You have no obligation to do that. And there's nothing in the internal revenue. It's the policy rationale for even if you're correct that there may be some circumstances. There may be a way to mitigate the problem, yes. But the issue here is what does this statute mean? And I don't see how it can possibly be interpreted with the words actually accrued to relate to a year where there is no actual accrual. Because the earlier years in our case, 1997 and 1998, there was no accrual of taxes because there was no fixture of liability or a determination of the amount of liability. Therefore, the taxes could not, did not, would not accrue in those years. They would not accrue until the contest ended. Therefore, I don't see how you can interpret this statute of limitations to say it began to run in 1997 or 1998, which is what the government is asking you to do, if there was no actual accrual in those years because the statute says it runs from the year of actual accrual. Good morning. May it please the Court. My name is Deborah Snyder and with me today is Theresa McLaughlin and we represent the United States. The Court of Federal Claims correctly dismissed Alva Marl's complaint in this case because it filed its refund claim too late for both of them. What does the word actually mean? The word actually means not deemed. And this, I guess, taking off from what Judge Bryson was discussing earlier, when Congress amended the statute, it was attempting to rectify the situation where it was unclear when you had a carryover situation whether the statute of limitations started to run in the year of origin or the year for which the tax was imposed or, on the other hand, in the carry year. And that was under the old statute, where the deadline ran off the return for the year with respect to which the claim is made. And this Court's predecessor had said the year for which the claim is made is the carry year in the Ampex case and Congress made clear in the legislative history that what it was doing was saying no. You're putting some of us, at least, in maybe a little more difficult position than we'd like to be because if the language is clear, if the statutory language is clear, it seems that we're constrained at least somewhat in terms of relying on legislative history or whatever. I mean, sometimes Congress does something and it didn't really need to do it, but we're left with enforcing the statutory language. So where is the ambiguity in the language itself when they say actual accrual? Why is that ambiguity? Because in the context of the foreign tax credit, the relation back concept is part of the term accrual. And it's been in the jurisprudence since, I think, the 1950s that the accrual of a foreign tax relates back to the year for which that tax was imposed. This is 5855, the Revenue Ruling? There's a Revenue Ruling which incorporated some of the concepts in cases such as Cuba Rail. Right, exactly. And so it's been the situation... So why is it not sufficient, though, when Congress acts and amends the statute and puts in the word actual as a modifier to accrual, sufficient to say, yes, forget the relation back or remove the situation? Because actually doesn't mean you don't relate back. You know, I don't think there's any inherent reason that the term actually would mean all events test or it would mean the year a contest is resolved. I mean, that's not inherent in the term actually either. So what Congress was doing was trying to say the actually accrued, that's the year of origin, the year for which the foreign tax is imposed. It's not the deemed year, like deemed as in Section 904C that puts the... In order to take the foreign tax credit in the carryover year, the tax is deemed to accrue in the carry year. So Congress is saying, no, it's not the deemed year. It's the year of actual accrual, which in the context of the foreign tax credit is the year of origin. So that basically there's one benchmark when you have foreign taxes, the statute of limitations runs from the year of origin. What is your best authority for the proposition that accrual is the year of origin in the relation back type situation in the foreign tax credit relation back? Well, in the contested tax situation, which is what we have here, there's a revenue ruling from 1984 that... 184-125. 184-125 that said that the taxpayer... A foreign tax is imposed for, I think it was 1970 or 1971, and the taxpayer contested it. It paid it in later years. I think there was a carry forward in that situation also. And the IRS made clear that the statute of limitations runs from the year of origin. And Congress, when it amended the statute, in the committee reports, referred to that revenue ruling. And Congress didn't explicitly talk about contested taxes, but it's obvious that Congress was aware of how the situation worked and what the IRS's interpretation was in the contested tax situation. But it seems to me a little strange in that what the IRS in the revenue rulings, both the 58 and the 84, is saying seems, at least facially, at odds with the general rule, the Dixie Pine and the statutory rule that accrual occurs when all events have occurred. And in the contested tax situation, all events occur when the tax dispute is resolved. So if you have a contested tax in the year of origin, you don't know what the amount of tax that you're going to owe is, right? You don't know that until three years later or whatever when the contest is resolved. That is the point at which the all events test is satisfied, right? Why isn't that the natural statutory meaning of the term accrual without respect to these fictional doctrines, whether it be deemed accrual or relation-backed? Because the foreign tax credit works differently. Congress even called it a special rule in the statute because the foreign tax credit... Which statute? 6511b3a. It's special rules relating to the foreign tax credit. And the reason is the foreign tax credit is unique because it's intended to be a dollar-for-dollar offset against the United States tax in the year in which double taxation might occur. So the reason the rules work differently in the foreign tax credit context is because we're trying, and nothing is perfect, but I think Congress is trying to mitigate the double taxation in the right year. So that's why you have relation-back of the accrual. And Dixie Pine, of course, applies to a deduction. And, you know, not to a credit and not to the foreign tax credit. So, and to get back to your other question about not knowing what the amount is until the contest is resolved, as Judge Hughes observed earlier, that's why Congress gave taxpayers ten years. And when you think about it, Congress had good reason to do that because Congress recognized that foreign countries might take a while to make adjustments, there might be issues about the adjustments, so it was reasonable for Congress to extend the normal three-year period to ten years. But there's no reason, and Al-Ghamaral has not put forward any reason, why Congress would have set a ten-year statute of limitations that doesn't even start to run until everything about the foreign tax liability is completely fixed. That's the rule that they're asking for, that everything runs its course in the foreign country, everything is completely resolved, and from that point you have ten years to file your claim. And that doesn't make sense. And I think Al-Ghamaral doesn't even argue that Congress intended that. What Al-Ghamaral says is that the result it asks for here is an unintended consequence of the amendment. But, in fact, it's not a consequence of the amendment at all. The amendment was not overruling the long-standing relation-back rule that applies in the context of foreign taxes and to contested foreign taxes. I don't think the concept of accrual does not include the deemed notion, but it does include relation-back. I mean, I think that's the gist of what you said earlier. Well, yeah, in the context of contested foreign taxes, I mean, what Congress was trying to do when it said actually accrued, it was trying to say not deemed. Not deemed. Not deemed. But related-back. But related-back. Incorporated within the concept of accrual. It's incorporated in the concept of accrual for the purpose of the foreign tax credit. All right. Let me ask you the same question I asked Mr. Leonard, which is with respect to the Treasury regulation, 904-2 and Section C, it has struck me as potentially important that the regulation refers to excess property, well, taxes basically, actually paid or accrued to the foreign country in the excess limitation year. We're talking about excess limitation issues here. And the actually paid or accrued in the excess limitation year would presumably be all taxes that were paid for attributable to that year. Is that the way you would read that language? Unfortunately, I don't have that in front of me. Well, actually, it's in the blue brief. I think it's page 53. So if you have the blue brief there... Wait a minute, not 53. Let's see if I can find it. I'm sorry. Oh, yes, here it is. 56. That carries over... Wrong again. 58. There we go. It's on 58. And the portion I'm looking at is... The... Let's see. 2A. In the excess limitation year. This is 2, Romanette 2A. The excess limitation year being the year of origin. I take it that's the year of origin. That's what it looks like. So if we're talking about accrual, or actual accrual being in the year of origin in all cases, that would seem to support the view that actual accrual references the year of origin, not a different year. Yes, it would. And the follow-up paragraph that talks about taxes deemed paid or accrued deals with taxes coming from a different year. Right. And that's consistent with what Congress said it was doing, which is addressing the situation that arises under Section 904 when you have carry-forwards, that it was trying to distinguish the year of origin from redeemed year and to have the statute of limitations key off the year of origin. So the excess limitation year would not be a year other than, as you understand this language, would not be a year other than the year of origin, even if there were a tax contest? No, I don't think it would. Okay. All right. So I'd also like to step back for a minute to talk about the 1997 tax year because we haven't really addressed that so far today. And I think it might help to step back and to just clarify that Al-Namr al has conceded that if the former statute applies to its 1997 tax year, it loses that year. The pre-amendment statute... So let me just see if I understand your argument. Your argument is if we lose on the argument we've been making thus far, then we should still prevail on the 1997 tax because the statute wasn't retroactive? Right, that's true. But I guess the statute clearly wasn't retroactive because it was effective for taxes in tax years that began after the date of enactment, which was in August of 1997. So for Al-Namr's 1997 tax year, the pre-amendment statute applies. So that was the statute that ran off the date prescribed by law for filing the return for the year with respect to which the claim was made. Well, it uses that nasty word, accrued, again. The effective date statute, right? But it doesn't use the word actually. And their case depends upon the word actually. But I don't think they're conceding that the word actually has to mean something different from the word actual. I mean, the word actually accrued has to mean something different from accrued. Well, that's what they're saying, that the word accrued means kind of the opposite from what actually accrued means. And that's what's sort of interesting about this case. You mean the word accrued as it was used in the pre-'97 version of the statute were actually, no, I guess it didn't show up in the pre-'97. It was 901 and 904 that used the term accrued. Right. And interestingly, they agree that the taxes accrued in 97 and 98 because they are claiming the foreign tax credit for 97 and 98. So they agree that for purposes of claiming the foreign tax credit, the contested foreign taxes, the same ones at issue here, accrued in the year of origin, which is 97 or 98. But they're saying, well, the word actually makes a difference. And so the taxes accrued in one year for purposes of claiming the tax credit, but they actually accrued later for purposes of running the statute. Now, obviously, the government's position is that that's not correct. But even if it were correct, they would still lose 97 because in 97, the word actually didn't appear in the statute. And Albemarle has not argued at all that they would win under the old pre-amendment statute. They're just saying that the effective date provision is interpreted differently from how the government thinks it should be interpreted. But they've never argued that they win 97 under the old statute. They're just saying that the new statute applies to both years. And so if the court were to reject that argument, they would lose 97 either way, even if accrued didn't incorporate relation back, which, of course, in our view, it does. I see that my time is running out. Does the court have any further questions? No. Thank you very much. We ask for affirmance. Thank you. Several points around number one. When a foreign tax is imposed, the taxpayer has a choice to claim a credit or a deduction. Claim a deduction in the year the tax accrues. And in this case, because of the contest, if the taxpayer had wanted to claim a deduction, it would have had to claim it in the year 2002. That's the only year it could have claimed the deduction. That's the only year in which the tax accrued. Relation back, the idea that you carry it back, essentially it's a carry back to an earlier year for other purposes, is not relevant to the question when the tax accrues. That's the point, I think, of the distinction between accrual as a rule and relation back as a concept that affects how you calculate the credit. But accrual is accrual. Well, accrual has many meanings in the law. It's always struck me as more of a conclusion than a rule. No, it's a rule in the tax law because the all events test stipulated in section 461 tells you when you accrue a tax. And that is when all the events have been met. Namely, the liability's fixed and the amount's been determined. Now, there is a question under these regulations, Judge Bryce, and seemed to be a discussion about whether the wording of this regulation you focused on suggests the excess limitation year and the year of origin are the same. Actually, the way I read these words are two different years. So there may be some confusion in how this regulation is being applied. The regulation says the excess limitation for any taxable year here and after called the excess limitation year. That's one year. With respect to an unused foreign tax in respect of all foreign countries and possessions for another taxable year here and after called the year of origin. That's a different year. So I don't think this regulation should be read as if those two terms apply to the same year. The Congress looked at the situation after the Ampex case, and they said, we want to change the rule. We want the statute of limitations to run from the year when taxes are actually paid or accrued. And by the way, for cash method taxpayers, they completely changed the rule to the year when the tax was actually paid. You had 10 years from then, no matter what anybody thinks about anything else, because there's no relation back for cash method taxpayers. So there was a brand new 10-year statute for cash method taxpayers, and hard to believe they would have a distinction between cash and accrual in that regard. But the idea was they wanted the statute to run from the year when taxes actually were paid or accrued. Not deemed paid or accrued or considered or some fictional treatment. But what the government's position here is that you should start the statute with the fictional year, when the relation back occurs. And the Redding and Bates case in the Court of Federal Claims here is a classic example of how that is simply not the case. You have two separate accruals. You have the accrual when the contest ends, and you have a relation back, sort of a deemed accrual, for purposes of calculating the credit. And our position is that the actual accrual is what the statute of limitations is for our type of situation. And that's how the statute has to be applied. Thank you. Thank you. Thank you, counsel, and the case is submitted.